NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0003776
06-JAN-2017
08:26 AM**

NO. CAAP-13-0003776

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


HINCHCLIFF INVESTMENTS LLC, and CLINTON HINCHCLIFF, JR.,
Plaintiffs/Counterclaim-Defendants/Appellees,
v.
NIMBLE LAND CORPORATION, a Hawaii Corporation,
aka NIMBLE LAND, INC. and DENNIS D. SMITH,
Defendants/Counterclaim Plaintiffs/Cross-Claim Plaintiffs/
Third-Party Plaintiffs/Appellees,
and
TAMARA GOUVEIA and PROPERTY NETWORK, LTD.,
Defendants/Cross-Claim Defendants/Appellees,
and
DOE DEFENDANTS 1-10, Defendants,
and
WHEELS OF JUSTICE, LLC, Third-Party Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 09-1-223K)


MEMORANDUM OPINION
(By: Nakamura, Chief Judge, Fujise and Ginoza, JJ.)

Plaintiffs/Appellees Hinchcliff Investments, LLC (**HIL**)
and Clinton Hinchcliff, Jr. (**Hinchcliff Jr.**) (collectively
**HIL/Hinchcliff**) brought this action in the Circuit Court of the
Third Circuit (**circuit court**)[1] related to the sale of property in
Kona, Hawaiʻi (**the Property**). The First Amended Complaint

---

[1] The Honorable Ronald Ibarra presided.

asserts the following claims against Defendants/Appellees Nimble Land, Inc. (**Nimble Land**), Dennis D. Smith (**Smith**) (**collectively Nimble/Smith**), Tamara Gouveia (**Gouveia**) and Property Network, Ltd. (**PNL**):[2]

| | | |
|---|---|---|
| Count I | : | Breach of Contract against Nimble Land |
| Count II | : | Negligent Misrepresentation against Nimble/Smith |
| Count III | : | Rescission against Nimble Land |
| Count IV | : | Negligence against Gouveia and PNL |
| Count V | : | Breach of Fiduciary Duty against Gouveia and PNL |

Nimble/Smith, HIL/Hinchcliff, and Gouveia reached a settlement on the claims (**Settlement Agreement**).  Thus, pursuant to Hawaii Revised Statutes (**HRS**) § 663-15.5 (Supp. 2015), Nimble/Smith filed a "Joint Petition For Determination of Good Faith Settlement."  The petition was opposed by Third-Party Defendant-Appellant Wheels of Justice, LLC (**WOJ**).  On September 6, 2013, the circuit court granted the petition in its "Order Granting Defendants Nimble.Land, Inc. and Dennis D. Smith's Petition for Determination of Good Faith Settlement Filed May 30, 2013 and Joinders" (**Order**).

In this appeal,[3] Appellant WOJ asserts that the circuit court erred in granting the Order and raises the following points of error:

---

[2] Hinchcliff Jr. was the buyer of the Property and HIL is an entity related to Hinchcliff Jr.  Nimble Land was the seller of the Property and Smith is the individual who formed Nimble Land.  Gouveia and PNL are alleged to have served as HIL/Hinchcliff's real estate agent and broker in the purchase of the Property.  While the case was before the circuit court, PNL was dismissed from the lawsuit.

[3] WOJ's opening brief violates Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(3), (b)(4), and (b)(7) because the statement of the case, points of error and argument section of their brief do not provide any record citations, which alone raises the potential for dismissal of the appeal and/or waiver of issues sought to be raised. Bettencourt v. Bettencourt, 80 Hawaiʻi 225, 230, 909 P.2d 553, 558 (1995).  WOJ also violated HRAP Rule 32(d) thereby also failing to comply with Hawaiʻi Electronic Filing and Service Rule 1.6 because they failed to electronically sign the opening brief.  Finally, WOJ failed to include transcripts from the July 23, 2013 hearing in its record on appeal thereby failing to comply with HRAP Rule 10.  Because we seek to address cases on the merits where possible, we address WOJ's arguments to the extent they are discernable.  80 Hawaiʻi at 230, 909 P.2d at 558.

(1) the circuit court erred in approving the settlement because it is collusive in reducing the amount that WOJ was to receive under an arbitration settlement, from $769,120 to about $195,000;

(2) the circuit court erred in approving the payment of $195,000 to WOJ under the settlement, which is based on the Appellees' estimate of WOJ's investment in the property, because WOJ claims to have invested over $500,000 in the project and that an evidentiary hearing should have been held; and

(3) the circuit court failed to consider the "totality of the circumstances" as required under Troyer v. Adams, 102 Hawai'i 399, 77 P.3d 83 (2003).

For the reasons discussed below, we reject WOJ's arguments and affirm.[4]

## I. Background

The instant case involves claims related to the sale of a 22-acre property in Kona, Hawai'i designated as parcel 8, plat 24 on Koloko Drive from Nimble Land to Hinchcliff Jr. The Property has been the subject of various other litigation, including an arbitration proceeding initiated by Nimble Land and lawsuits initiated by WOJ. WOJ asserts an interest in the Property based on a joint venture agreement with Nimble Land.

On December 21, 2004, WOJ and Nimble Land entered into a joint venture agreement to acquire and develop the Property. Nimble Land claims that WOJ failed to meet its obligations under the joint venture agreement and thus Nimble Land sought arbitration in December 2006 to resolve the various disputes, as provided under the joint venture agreement. In approximately April or May of 2007, the parties agreed to the Honorable Marie

---

[4] Nimble/Smith contend WOJ does not have standing to appeal. However, unlike the appellant in Abaya v. Mantell, 112 Hawai'i 176, 145 P.3d 719 (2006), WOJ was named as a party in the case, specifically a third-party defendant. Although Nimble/Smith contend that the third-party complaint was never served on WOJ, the third-party claim was never dismissed. Thus, WOJ was a party to the action and met the other requirements for standing. Id. at 181, 145 P.3d at 724 (citing Kepo'o v. Watson, 87 Hawai'i 91, 95, 952 P.2d 379, 383 (1998)).

Milks, retired, serving as Arbitrator in that proceeding.

In May 2007, Nimble Land entered into a Deposit Receipt Offer and Acceptance (**DROA**) to sell the Property to Hinchcliff Jr.  Nimble/Smith claims that Nimble Land was forced to sell the Property due to the economic duress imposed on Nimble/Smith. WOJ, in turn, asserts that Nimble Land entered into the DROA without WOJ's consent.

After learning of the proposed sale to Hinchcliff Jr., WOJ filed a lawsuit on December 17, 2007, in Civil No. 02-01-287K in the circuit court, against Nimble Land seeking a declaration that WOJ had an interest in the property (**WOJ Lawsuit**).  WOJ also filed and recorded a Notice of Pendency of Action (**NOPA**) regarding the Property.

On December 26, 2007, Hinchcliff Jr. as buyer executed an addendum to the DROA which states that: he is aware of the WOJ Lawsuit; he "accepts the subject property with said pending litigation"; "Seller [Nimble Land] will not be released from any liability or obligation to have this document removed from the subject property"; and "Seller [Nimble Land] agrees to pay all costs to clear this Title."  The sale of the Property from Nimble Land to Hinchcliff Jr. appears to have closed in approximately late December 2007 for a total purchase price of $2.125 million (which apparently included the payoff or assumption of an existing loan of over $500,000 related to the Property).

Subsequently, in April 2008, as part of the arbitration proceeding, Nimble/Smith and WOJ orally set forth settlement terms before a court reporter on April 3, 2008, and with Arbitrator Milks present on April 8, 2008 (collectively the **Arbitration Settlement**).  The Arbitration Settlement contemplated the sale of the Property to Hinchcliff Jr. and provided, in part, that WOJ would receive $769,125 and Nimble Land would receive $718,125 from the sale proceeds.  The terms placed on the record also called for: WOJ to execute a release of the NOPA, which was to be recorded when a Finance Factors loan on the property was released; and for the parties to that settlement to release each

4

other from any claims related to the joint venture agreement and the Property. The oral settlement terms also provided that "[e]ach party is to cooperate in the signing of any and all documents necessary to effectuate the completion or the intention of this settlement agreement." However, subsequently, Nimble Land and WOJ both blame each other for not completing or finalizing the Arbitration Settlement. Nimble Land's counsel asserts in his declaration that after language for the written Arbitration Settlement was worked out between the respective counsel, WOJ's principal, Thomas Schmidt (**Schmidt**), refused to sign, and further that WOJ and Schmidt refused to release the NOPA as called for under the oral Arbitration Settlement. In turn, Schmidt asserts in his declaration that since April 2008, he has been seeking to get the arbitration completed but that Nimble Land has refused to cooperate and is trying to vacate the Arbitration Settlement.

On June 8, 2009, HIL/Hinchcliff initiated the instant lawsuit. The First Amended Complaint, filed on December 14, 2009, alleges, *inter alia*, that: Nimble Land failed to provide unencumbered title to the Property; Nimble/Smith made misrepresentations to Hinchcliff Jr., including that Schmidt was not involved with the Property and that Schmidt would not claim an interest in the Property; and the sale should be rescinded. Claims were also asserted against Gouveia and PNL for breaching their duties in representing HIL/Hinchcliff in the transaction.

On December 15, 2011, HIL/Hinchcliff, Nimble/Smith, and Gouveia reached the Settlement Agreement at issue in this appeal. The Settlement Agreement provides, *inter alia*, that: existing notes between Nimble/Smith and HIL in the total amount of $1.525 million will be canceled and replaced with a note in the amount of $689,616.43; payment on the new note will start once title to the Property is free and clear of specified liens and encumbrances, including those related to Nimble/Smith, Schmidt, WOJ, and/or any entity in which Schmidt has an interest; Nimble/Smith and HIL/Hinchcliff will dismiss claims against each

other; Nimble/Smith are responsible for removing from the Property's title the NOPA and any interest recorded or claimed in the property by WOJ, Schmidt, or any entity in which Schmidt has or claims an interest; HIL will pay $150,000 to WOJ once interests recorded or claimed against the Property are extinguished; Nimble Land will pay specified interest to WOJ; and all claims against Gouveia will be dismissed without prejudice.

On May 30, 2013, Nimble/Smith filed the "Petition for Determination of Good Faith Settlement." HIL/Hinchcliff filed a joinder to the petition, and WOJ filed an opposition to the petition. After a hearing on July 23, 2013, the circuit court entered the September 6, 2013 Order granting the petition.

On October 3, 2013, WOJ timely appealed from the Order.

## II. Discussion

WOJ contends that the circuit court abused its discretion because: it approved a settlement that was collusive in reducing the payment WOJ should receive under the prior Arbitration Settlement; it approved payment to WOJ in an amount that does not reflect WOJ's investment in the Property; and it failed to consider the "totality of the circumstances" under Troyer.

> HRS § 663-15.5 provides in relevant part:[5]
>
> **§663-15.5 Release; joint tortfeasors; co-obligors; good faith settlement.** (a) A release, dismissal with or without prejudice, or a covenant not to sue or not to enforce a judgment that is given in good faith under subsection (b) to one or more joint tortfeasors, or to one or more co-obligors who are mutually subject to contribution rights, shall:
>> (1) Not discharge any other joint tortfeasor or co-obligor not released from liability unless its terms so provide;
>> (2) Reduce the claims against the other joint tortfeasor or co-obligor not released in the amount stipulated by the release, dismissal, or covenant, or in the amount of the consideration paid for it, whichever is greater; and
>> (3) Discharge the party to whom it is given from all liability for any contribution to any other joint tortfeasor or co-obligor.

---

[5] Given the claims asserted in this case, it is questionable whether WOJ was a joint tortfeasor or co-obligor under HRS § 663-15.5. However, no party raises this issue and thus we will not address it.

6

> This subsection shall not apply to co-obligors who
> have expressly agreed in writing to an apportionment
> of liability for losses or claims among themselves.
>
> . . .
>
> (d)     A determination by the court that a settlement was
>         made in good faith shall:
>         (1)     Bar any other joint tortfeasor or co-obligor
>                 from any further claims against the settling
>                 tortfeasor or co-obligor, except those based on
>                 a written indemnity agreement; and
>         (2)     Result in a dismissal of all cross-claims filed
>                 against the settling joint tortfeasor or
>                 co-obligor, except those based on a written
>                 indemnity agreement.

In Troyer, the Hawai'i Supreme Court adopted a "totality of the circumstances" approach for trial courts to determine if settlements involving joint tortfeasors or co-obligors are made in good faith. 102 Hawai'i at 425, 77 P.3d at 109. The supreme court stated:

> we conclude that the legislature's goals of simplifying the
> procedures and reducing the costs associated with claims
> involving joint tortfeasors, while providing courts with the
> opportunity to prevent collusive settlements aimed at
> injuring non-settling tortfeasors' interests, are best
> served by leaving the determination of whether a settlement
> is in good faith to the sound discretion of the trial court
> in light of the totality of the circumstances surrounding
> the settlement.

Id. at 427, 77 P.3d at 111. We also note that "the good faith of the parties is substantially a function of their states of mind and the circumstances of which they are aware at the time of settlement[.]" Id. at 430, 77 P.3d at 114. Moreover, as set forth in HRS § 663-15.5(b), "[a] nonsettling alleged joint tortfeasor or co-obligor asserting a lack of good faith shall have the burden of proof on that issue." Thus, WOJ had the burden of proof before the circuit court of showing the Settlement Agreement was not made in good faith.

Because "the question whether a settlement is given in good faith for purposes of HRS § 663-15.5 is a matter left to the discretion of the trial court in light of all the relevant circumstances extant at the time of settlement[,]" we review the trial court's good faith determination for abuse of discretion.

Troyer, 102 Hawai'i at 434, 77 P.3d at 118.

### A.  WOJ's Assertion of Collusion

WOJ claims that the Settlement Agreement only benefits Hinchcliff Jr. and Nimble Land because under the Settlement Agreement: the payment owed to WOJ for the Property is reduced to $150,000 plus interest; Nimble Land is released from its agreement to pay WOJ $769,125; and Nimble Land is relieved from its obligation to get the NOPA released.  These arguments lack merit and are contrary to the record.

First, given the record on appeal, WOJ did not meet its burden to establish that it has any affirmative rights pursuant to the Arbitration Settlement under which it claims it is owed $769,125.  Rather, both Schmidt's declaration and the declaration of Nimble Land's counsel submitted to the circuit court indicate that the Arbitration Settlement was never completed, including that a written agreement was not executed and the NOPA was never released as contemplated by that settlement (which was essential to the contemplated sale of the Property to Hinchcliff Jr.).

Second, under the Settlement Agreement in this case and contrary to WOJ's assertion, Nimble/Smith is still responsible for removing the NOPA from the Property's title and is responsible for also removing any interest recorded or claimed by Schmidt or WOJ.

Third, as asserted by HIL/Hinchcliff and Nimble/Smith, the Settlement Agreement does not affect WOJ's claimed contractual rights based on the separate Arbitration Settlement.[6]

---

[6]  In its answering brief, HIL/Hinchcliff argue that "WOJ's argument is premised on a fundamentally false assertion that the amount allocated to Schmidt is conclusive and binding upon him.  That is not the case."  Further, HIL/Hinchcliff states that the "dispute between Smith and Schmidt over the joint venture agreement and Schmidt's failure to abide by the 2008 arbitration settlement is separate from the Hinchcliff/Smith Settlement."  HIL/Hinchcliff also states in its answering brief that "[t]o the extent that WOJ has a legitimate claim to $769,125 from Nimble/Smith, WOJ will still have its claim for the balance of funds from Nimble/Smith."  Nimble/Smith states in its answering brief that "Appellee Nimble adopts the arguments submitted by Appellee Hinchcliff as recited in its Answering Brief."  Thus, it appears that both HIL/Hinchcliff and Nimble/Smith agree that this Settlement Agreement does
(continued...)

Moreover, under the Settlement Agreement, HIL's payments under the new note only start once the Property's title is free and clear of the specified liens and encumbrances.

In short, the record shows that: the sale of the Property from Nimble Land to Hinchcliff Jr. required that Nimble Land clear the NOPA and WOJ Lawsuit from the Property's title; under the Arbitration Settlement placed on the record, WOJ was to release the NOPA upon release of a Finance Factor's loan, and the parties to that settlement were to release each other from any claims regarding the joint venture agreement or the Property. However, the NOPA was never released (even after the Finance Factor's loan was paid off), the title to the Property has remained clouded, and the sale to Hinchcliff Jr. has been impaired. This Settlement Agreement, in turn, addresses HIL/Hinchcliff's claims that Nimble/Smith failed to provide clear title and also that Nimble/Smith made material misrepresentations to Hinchcliff Jr. related to the Property. The Settlement Agreement does not release claims that WOJ may have, but rather provides for Nimble/Smith to clear the title as specified in the agreement.

Based on the record, WOJ did not carry its burden to show collusion between the parties to the Settlement Agreement.

**B. The Amount Allocated to WOJ**

WOJ claims the amount to be paid to WOJ under the Settlement Agreement incorrectly reflects the amount it has invested in the Property. In its opening brief, WOJ fails to point to any part of the record regarding its claim as to what it has invested in the Property. Moreover, although he claims additional funds were invested by him personally in the Property, Schmidt's declaration states "WOJ may have about $150,000 invested in [the] property since 2004 (when it was formed)[.]" Of note, the joint venture agreement between WOJ and Nimble Land

---

[6](...continued)
not preclude WOJ from pursuing claims it may have related to the Arbitration Settlement.

was entered in December of 2004. Thus, this record does not suggest that the payment contemplated to WOJ under the Settlement Agreement ($150,000 plus interest) is somehow unfair or collusive.

### C. Totality of the Circumstances

Finally, WOJ asserts that the circuit court failed to consider the totality of the circumstances as set forth in Troyer. WOJ contends the Settlement Agreement is unfair in reducing the amount owed by Hinchcliff Jr. to purchase the Property, in reducing the amount to be paid to WOJ compared to what it is owed under the Arbitration Settlement, and in releasing Nimble Land from its wrongdoing in selling the property without WOJ's consent and in entering the Arbitration Settlement which it cannot perform. These arguments simply rehash WOJ's argument that this is a collusive Settlement Agreement. For the reasons discussed above, we do not agree with WOJ.

Moreover, WOJ fails to point to anything in the record to suggest that the circuit court failed to consider the totality of the circumstances in granting the petition for determination of a good faith settlement. The petition filed by Nimble/Smith and the opposition filed by WOJ provided extensive background regarding the matters asserted by WOJ, including the joint venture agreement, the oral terms of the Arbitration Settlement placed on the record, and the declarations of Schmidt, Smith, and Nimble Land's counsel, John Remis, Jr. We further note that WOJ failed to provide a transcript of the hearing regarding the petition and thus it is unclear what was argued or considered at the hearing. See HRAP Rule 10.

We thus conclude that WOJ's assertion that the circuit court failed to consider the totality of the circumstances lacks merit.

### III.  Conclusion

Based on the foregoing, the "Order Granting Defendants Nimble Land, Inc., Dennis D. Smith's Petition for Determination of Good Faith Settlement and Joinders" filed on September 6, 2013, in the Circuit Court of the Third Circuit is affirmed.

DATED:  Honolulu, Hawai'i, January 6, 2017.


R. Steven Geshell
(Thomas P. Dunn, on the briefs)
for Wheels of Justice, LLC.

Bruce H. Wakuzawa, on the brief
for Hinchcliff Investments LLC
and Clinton Hinchcliff, Jr.

John R. Remis, Jr., on the brief
for Nimble Land, Inc. and
Dennis D. Smith

Chief Judge

Associate Judge

Associate Judge

11